IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BNSF RAILWAY COMPANY,

    Plaintiff,                                  CIVIL NO. 06-1076 MCA/LFG

vs.

LAFARGE SOUTHWEST, INC.; STELLA
R. VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; and GREGORY
MARTINEZ and DARLENE COLEMAN,
Personal Representatives of the Estate of
Carol E. Duran,

    Defendants.
========================================

STELLA R. VALENCIA, individually, and as
Personal Representative of the Estate of Robert J.
Valencia, JOHN KELLY VALENCIA, DESIREE
RICHELLE VALENCIA, STEPHANIE ESTELLE
VALENCIA, and LILLIAN S. VALENCIA,

    Counter Claimants/Cross-Claimants/
    Third-Party Plaintiffs,

vs.

BNSF RAILWAY COMPANY, and DARLENE
COLEMAN, Personal Representative of the
Estate of Carol E. Duran,

    Counter-Defendants/Cross-Defendants,

MIKE TAFT, d/b/a Taft Construction;
and EL PASO NATURAL GAS COMPANY

    Third-Party Defendants.
========================================

LAFARGE SOUTHWEST, INC.

      Third-Party Plaintiff/Cross-Plaintiff

vs.

DARLENE COLEMAN, individually, and as Personal
Representative of the Estate of Carol E. Duran; GREG
GUTIERREZ and MATTHEW RAY DURAN, individually,

      Plaintiffs,

vs.

BNSF RAILWAY COMPANY; LAFARGE SOUTHWEST,
INC.; STELLA VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; MIKE TAFT, d/b/a Taft
Construction; and EL PASO NATURAL GAS CO.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff BNSF Railway Company's Second Motion in Limine to Exclude the Testimony of Brian McDonald and Allen Parkman as Their Opinions Relate to Hedonic Damages* [Doc. 499] filed on October 31, 2008, and the *Valencia Parties Motion in Limine to Exclude the Report and Testimony of W. Kip Viscusi* [Doc. 515] filed on November 10, 2008.   Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants in part and denies in part the above motions relating to hedonic damages for the reasons set forth below.

With few exceptions that are not raised in the briefing on the motions in limine at issue here, "[t]he admissibility of evidence in diversity cases in federal court is generally governed by federal law." Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998). Thus, while applying the substantive state law with respect to what forms of damages are recoverable in a civil action, the Court applies the Federal Rules of Evidence in determining the admissibility of expert testimony on the subject of hedonic damages. See Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 877-890 (10th Cir. 2006) (identifying several instances in which a federal district court erred in applying rules of evidence derived from state law).

Fed. R. Evid. 702 imposes a special gatekeeping obligation on this Court to ensure that expert testimony is not admitted at trial unless it is both relevant and reliable. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell-Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993). The relevance of such testimony also must be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury" as well as "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. While the Court is not required to consider any particular set of factors or utilize a particular procedure in making such determinations with respect to expert testimony, the Court must make *some* kind of determination on the record in order to demonstrate that it has performed its gatekeeping function. See United States v. Velarde, 214 F.3d 1204, 1209 (10th Cir. 2000); Goebel v. Denver and Rio Grande Western R. Co., 346 F.3d 987, 991-92 (10th Cir. 2003). In this case, the Court makes its determinations

based on the parties' extensive written proffers and briefing concerning their respective experts on hedonic damages.

The law of the State of New Mexico clearly permits the recovery of hedonic damages in wrongful-death cases. See Romero v. Beyers, 117 N.M. 422, 428, 872 P.2d 840, 846 (1994). Similarly, the Tenth Circuit has allowed an expert witness to provide "an explanation adequate to insure the jury did not ignore a component of damages allowable under state law" by offering "his interpretation of the meaning of hedonic damages" and identifying "four broad areas of human experience which he would consider in determining those damages." See Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1246 (10th Cir. 2000). Based on this authority, each of the parties' experts will be permitted to offer such generalized testimony about the *concept* of hedonic damages, and their motions in limine are denied in part insofar as they seek to exclude opinion testimony on this aspect of hedonic damages.

The majority rule in federal courts, however, is that expert testimony which places a *dollar figure* before the jury in an attempt to *quantify* the value of a human life is inadmissible and does not meet the relevance and reliability factors set forth in Daubert and its progeny. See Smith, 214 F.3d at 1244-45; Raigosa v. Roadtex Transp. Corp., No. 04cv305 RLP/WDS, Doc. 60, at 4-5 (D.N.M. Feb. 10, 2005) (unpublished memorandum opinion and order collecting cases). I construe this rule as applying to any opinion testimony which attempts to quantify (or place a monetary value on) a particular decedent's hedonic damages, *as well as* any opinion testimony which places before the jury a dollar figure or

numeric formula as a so-called "benchmark figure," "guideline," or "range of values" to be used in calculating such damages. In my view, the latter approach to opining about a dollar-figure or numeric formula is just a "trojan horse" aimed at getting the same type of inadmissible information before the jury under a different label. The fact remains that the underlying methodology used to arrive at such quantitative measurements of the value of human life does not meet the relevance and reliability requirements of Daubert and its progeny and will not assist the jury, regardless of whether the figure, formula, or "range of values" in question is assigned to a specific decedent, a hypothetical individual, a statistical person, or a generic benchmark or guideline. Accordingly, the parties' motions in limine are granted in part insofar as they seek to exclude opinion testimony from any expert that places a quantitative measurement of hedonic damages (or the value of human life) before the jury under any of these labels.

On a more general level, expert witnesses also may not usurp the jury's factfinding role in determining whether other witnesses testified credibly as to a decedent's enjoyment of life, see United States v. Adams, 271 F.3d 1236, 1245-46 (10th Cir. 2001), nor may such witnesses usurp the Court's role in instructing the jury on what the law is by providing them with a lengthy summary of the reported case law on hedonic damages, see Specht v. Jensen, 853 F.2d 805, 807-09 (10th Cir. 1988). Such references to reported case law will not be admitted before the jury *at trial.*

Similarly, the motion to exclude Professor Viscusi is granted in part insofar as it is directed at precluding him from testifying *at trial* for the purpose of rebutting or challenging

the quantitative measurements discussed above. Insofar as such quantitative measurements will not be admitted at trial in the first place, there is no need for the jury to hear rebuttal testimony on that point.

On the other hand, the citations to case law in the parties' respective expert reports may be considered *by the Court* for the limited purpose of assisting in the Court's preliminary determinations regarding the admissibility of opinion testimony on hedonic damages. Accordingly, I deny the motions to exclude those portions of the parties' respective expert reports insofar as they are submitted to the Court for this limited purpose only and will not be presented to the jury at trial.

**IT IS, THEREFORE, ORDERED** that *Plaintiff BNSF Railway Company's Second Motion in Limine to Exclude the Testimony of Brian McDonald and Allen Parkman as Their Opinions Relate to Hedonic Damages* [Doc. 499] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the *Valencia Parties Motion in Limine to Exclude the Report and Testimony of W. Kip Viscusi* [Doc. 515] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**, this 9th day of February, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*