# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BNSF RAILWAY COMPANY,

      Plaintiff,                                  CIVIL NO. 06-1076 MCA/LFG

vs.

LAFARGE SOUTHWEST, INC.; STELLA
R. VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; and GREGORY
MARTINEZ and DARLENE COLEMAN,
Personal Representatives of the Estate of
Carol E. Duran,

      Defendants.
=======================================

STELLA R. VALENCIA, individually, and as
Personal Representative of the Estate of Robert J.
Valencia, JOHN KELLY VALENCIA, DESIREE
RICHELLE VALENCIA, STEPHANIE ESTELLE
VALENCIA, and LILLIAN S. VALENCIA,

      Counter Claimants/Cross-Claimants/
      Third-Party Plaintiffs,

vs.

BNSF RAILWAY COMPANY, and DARLENE
COLEMAN, Personal Representative of the
Estate of Carol E. Duran,

      Counter-Defendants/Cross-Defendants,

MIKE TAFT, d/b/a Taft Construction;
and EL PASO NATURAL GAS COMPANY

      Third-Party Defendants.
=======================================

LAFARGE SOUTHWEST, INC.

      Third-Party Plaintiff/Cross-Plaintiff

vs.

DARLENE COLEMAN, individually, and as Personal
Representative of the Estate of Carol E. Duran; GREG
GUTIERREZ and MATTHEW RAY DURAN, individually,

      Plaintiffs,

vs.

BNSF RAILWAY COMPANY; LAFARGE SOUTHWEST,
INC.; STELLA VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; MIKE TAFT, d/b/a Taft
Construction; and EL PASO NATURAL GAS CO.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Plaintiff BNSF Railway Company's Seventh Motion in Limine* [Doc. 505] filed on November 5, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion in part, denies the motion in part, and defers ruling on the motion in part for the reasons set forth below and the reasons set forth in the Court's prior rulings.

**1.** **Reference Or Suggestion To BNSF's Net Worth Or That Is a Fortune 500 Company, As Well as Any Information About Its Size, Number of Employees, Number of Trains, Number Of Crossings, Or Evidence of Executive Compensation, Or Other Information About BNSF Not Directly Related To This Case**

BNSF seeks to exclude any reference to the above subjects, pursuant to Rules 401,

2

402, and 403 of the Federal Rules of Evidence, on the grounds that they are irrelevant and any reference to them would be unfairly prejudicial.  [Doc. 505 at 5.]  The Valencia parties[1] object on the grounds that this category "is so broad as to cover any number of matters that are or might be relevant."  [Doc. 545 at 5.]

The Court construes Item 1 as being directed at a specific category of information, *i.e.*, BNSF's pecuniary condition and wealth.  The jury's resolution of issues in a case generally must be based on applicable rules of law and evidence properly presented at trial—not on the economic condition of either party.  Whiteley v. OKC Corp., 719 F.2d 1051, 1055 (10th Cir. 1983) ("As a general rule, it is error to admit evidence of a party's financial condition unless necessary to determine the damages sustained."); see also Enriquez v. Cochran, 967 P.2d 1136, 1171 (N.M. Ct.App. 1998) ("The danger of introducing the wealth of the parties is its potential to influence the jury's deliberation as to liability issues on irrelevant grounds."). Further, the Court has already ruled out the claims for punitive damages in this case. Accordingly, the motion is granted as to this item.

**2.    Insurance**

BNSF seeks to exclude any "reference, directly or indirectly, to liability insurance or suggestion that BNSF is or may be self-insured."  [Doc. 505 at 6.]  The Valencia parties concede that evidence of insurance is generally inadmissible, but object that a ruling on this issue is premature because there are exceptions under which it may be admissible.  [Doc. 545

---

[1]By virtue of their Notices of Joinder [Doc. 547], filed November 20, 2008, the Valencia parties adopt the arguments in the Duran parties' response.

at 6.]

A ruling on the issue of insurance is not premature.  Pursuant to Rule 411 of the

Federal Rules of Evidence:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.  This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control or bias or prejudice of a witness.

Fed.R.Evid. 411.  Under Rule 411, evidence that BNSF has liability insurance, or that it does

not, *i.e.*, that it is "self-insured, is not admissible upon the issue of negligence.  The motion

is therefore granted as to this item.

**3.      Financial Status Of BNSF And Sources Of Funds And Reference To The Economy, Subprime Lending, Or the Mortgage Crisis**

The parties' arguments with respect to Item 3 are essentially identical to their Item 1

arguments.  The Court's ruling is likewise the same.  For the same reasons set forth above,

the motion is granted as to this item.

**4.      Settlement Negotiations**

BNSF seeks to exclude "reference to any settlement negotiations or settlement offers

between BNSF and every other party."  [Doc. 505 at 6.]  The Valencia parties' response is

that a motion in limine is unnecessary because this subject is covered by the Federal Rules

of Evidence.  The Motion is granted as to this item, because reference to settlement offers

and settlement negotiations is prohibited by Rule 408 of the Federal Rules of Evidence.

**5.      Mediation**

BNSF seeks to exclude "reference to the parties participating in mediation." The Motion is granted as to this item for the same reason that evidence of settlement negotiations is excluded.

**6.      Effect of Answers to Special Interrogatories**

BNSF asserts that there "should be no statement outside of the Court's Instructions, which tend to inform the jury of the effect of their answers to Special Interrogatories." [Doc. 505 at 6.] The Court understands this assertion to be directed at improper argument as to the legal effect of the verdict form that the Court will provide to the jury at the time its deliberations are to begin. The Court will instruct the jury and determine the content of the verdict form. Accordingly, the motion is granted as to this item.

**7.      Credibility of Witnesses**

BNSF seeks to exclude any "mention by any expert on the credibility of any testimony of any lay witness directly or indirectly." [Doc. 505 at 7.] The Court has previously ruled that expert witnesses may not usurp the jury's factfinding role in determining whether other witnesses testified credibly as to a particular issue. See United States v. Adams, 271 F.3d 1236, 1245-46 (10th Cir. 2001). Therefore, the motion is granted as to this item.

**8.      BNSF's Motions and Order in Limine And Objections At Trial**

BNSF seeks to exclude any "suggestion that BNSF filed this or any other Motion in Limine or to BNSF's objections at trial or that the Court ruled in response, because these matters are not of any concern to the jury in this litigation." [Doc. 505 at 7.] The Valencia parties respond that the argument is over broad, vague, and lacks specificity. [Doc. 545 at

5

7.]    Commenting to the jury on pretrial motion practice, objections, and the Court's evidentiary rulings is not appropriate.  The Motion is therefore granted with respect to this item.

## 9.    Discovery Disputes

BNSF seeks to exclude "reference to discovery issues between parties." The Valencia parties respond that the argument is over broad, vague, and lacks specificity.  [Doc. 545 at 7.]  The Court construes the motion as seeking to exclude reference to pretrial discovery disputes such as motions to compel and the like.  Again, the conduct of counsel concerning such pretrial legal disputes is not a proper subject of commentary before the jury.  Therefore, the motion is granted as to this item.

## 10.    Files and Stipulations

BNSF seeks to prevent any "request to BNSF's counsel in the presence of the jury to produce any information or documents in counsel's file or to stipulate to any matter."  The Valencia parties respond that the argument is over broad, vague, and lacks specificity.  [Doc. 545 at 7.]  Again, counsel's requests concerning legal matters of this nature should be brought to the Court's attention outside the presence of the jury.  Accordingly, the motion is granted as to this item.

## 11.    Any Suggestion that BNSF Failed to Produce Documents

BNSF seeks to prevent any "suggestion that BNSF has failed or refused to produce requested documents."  [Doc. 505 at 7.]  The Valencia parties respond that the argument is over broad, vague, and lacks specificity.  The Valencia parties further contend that facts may

be developed that BNSF failed to produce documents and that the admissibility of such evidence depends on the laying of an appropriate foundation.  [Doc. 545 at 7.]  Again, to the extent that a party believes that there is a proper foundation for raising this issue at trial, that party must bring the matter to the Court's attention outside the jury's presence and seek a ruling *before* mentioning it in the jury's presence.  As the Valencia parties have not provided such foundation in their response brief, the motion is granted with respect to this item at this time.

## 12.    Dollar Amounts of Damages

BSNF asserts that there "should be no effort in *voir dire* or elsewhere to advance a specific dollar amount and elicit testimony as to whether, regardless of the facts or law of a particular case, the panel would be unable to award damages at that amount."  According to BNSF, "any such inquiry would be an improper attempt to contract with venire men."  [Doc. 505 at 8.]  The Valencia parties respond that reference during trial to the amount of damages claimed or expected is not improper.  [Doc. 545 at 8.]

The Court construes Item 12 as directed at the words used by counsel during *voir dire*. The Court will conduct voir dire, and therefore the motion is granted as to this item.

## 13.    Financial Disparity

BNSF seeks to preclude "reference or argument as to any financial disparity between BNSF and any Claimants, or their families being of limited financial means."  [Doc. 505 at 8.]  The parties' arguments on this issue are essentially the same as for Item 1.  For the same reasons set forth for Item 1, above, the motion is granted as to Item 13.  See also Garcia v.

Sam Tanksley Trucking, Inc., 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument.")

**14.    Fees Deducted**

BNSF seeks to preclude "any reference to the fact that Claimants may not receive the full amount of damages awarded by the jury, if any, because of their attorney's fees, expenses, and taxes." [Doc. 505 at 8.] The Valencia parties respond that the argument is over broad, vague, and lacks specificity. [Doc. 545 at 8.]

The Court notes that argument of counsel generally must be confined to evidence that is adduced at trial. See Solorio v. Atchison, Topeka & Santa Fe Ry. Co., 224 F.2d 544, 547 (10th Cir. 1955) ("Arguments of counsel should be confined to the questions in issue and the evidence relating thereto."). Except in rare instances where the law permits a jury to award or compensate for attorney fees, litigation expenses, and/or taxes as an element of damages, these items are not relevant and may not be considered by the jury. The Valencia parties have submitted no authority to show that this case presents one of those rare exceptions. Accordingly, the motion is granted as to Item 14.

**15.    Community**

BNSF seeks to preclude any "suggestion that the jury should be the conscience of the community in this case with respect to a verdict in this matter, nor that the jury should do something by its verdict that would make the community 'proud.'" [Doc. 505 at 8.] The Valencia parties respond that the argument is over broad, vague, and lacks specificity. [Doc. 545 at 8.]

"Community conscience" arguments can be "an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial." Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1238 (5th Cir. 1985). Appeals to sympathy, social class, and business prejudice are improper. Solorio, 224 F.2d at 547. As discussed above in connection with Item 14, argument of counsel should be based upon the evidence admitted at trial, and the Valencia parties have submitted no authority to show that evidence of "community conscience" is admissible. Accordingly, the motion is granted as to Item 15.

## 16. Jurors' Relationship to Insurers

BNSF requests the Court to instruct counsel "to refrain in *voir dire* examination and otherwise from questioning the panel whether an immediate member or close friend has been employed by or has a relationship with an insurance company or with the insurance industry." [Doc. 505 at 8.] The Valencia parties object that this request is over broad, vague, and lacks specificity.

As noted above, the Court will conduct the voir dire. During voir dire, the Court typically inquires about potential jurors' past experiences with litigation and relationships with persons engaged in litigation. This area of inquiry may touch on the matter of insurance disputes. Accordingly, the motion is denied as to this item.

## 17. "Victims" or Other Reference to Claimants or Decedents in Emotionally Charged Terms

BNSF seeks to preclude Claimants from referring to the decedents or their families

9

as "victims" or from characterizing them as "unfortunate" or using "other inflammatory terms regarding them." [Doc. 505 at 9.] The Valencia parties object that the request is over broad, vague, and lacks specificity. [Doc. 545 at 9.]

As stated in Part V of the Trial Preparation Instructions attached and incorporated in the *Pretrial Order* [Doc. 660], counsel and witnesses are to refer to one another, and to the parties, by their surnames (e.g. Mr. Smith, Ms. Jones). [Doc. 85-2.] Accordingly, the motion is granted in part insofar as it seeks to preclude the use of a name other than a surname to identify someone. On the other hand, the Court will permit counsel some latitude in *describing* (rather than *naming*) their client as "a victim" during closing argument, and the motion is denied in part with respect to such rhetorical descriptions during closing arguments.

## 18. References to BNSF's Motivation to Bring Suit, or References to Service of Process Distressing the Families or Service of Process Allegedly Occurring at the Funeral Home or While in State of Bereavement

BNSF seeks to prevent allusion to the above alleged facts and to preclude Claimants from arguing that it "was not permitted to bring suit, and did so maliciously, or for any improper purpose." [Doc. 505 at 9.] The Valencia parties respond that BNSF is in fact the plaintiff in this lawsuit and that BNSF attempted service before Ms. Duran was buried. They argue that they should not be prohibited from stating the fact that they were sued by BNSF. [Doc. 545 at 9.]

The Court does not construe BNSF's motion as seeking to prevent reference to the fact that it is the plaintiff or that it is asserting its own claims for relief. These facts will be

apparent throughout the trial and need not be concealed from the jury.

However, the time, place, and manner of service is not relevant to any of the pending claims that will be submitted to the jury. Accordingly, counsel shall refrain from mentioning or eliciting testimony regarding service of process. BNSF's motive in initiating this lawsuit also is not relevant to the merits of its claims. The motion is granted as to this item.

**19.    Use of Inflammatory Language to Describe the Accident, e.g., "as a Tragedy" or "Unfortunate Tragedy"**

BNSF seeks to prevent "use of inflammatory language such as 'tragedy' to describe the accident." [Doc. 505 at 9.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that they should be allowed to elaborate about the effect the decedents' deaths had on family members. [Doc. 545 at 9.]

The word "tragedy" is a rhetorical term that is not relevant to any factual issue that will be presented during the evidentiary phase of the trial; however, as noted above, the Court will allow counsel some latitude to *describe* the evidence as "tragic" during closing argument. The motion is granted in part with respect to the use of the word "tragedy" as evidence and denied in part insofar as it seeks to preclude the use of such terminology during closing arguments.

**20.    Site Visits**

BNSF requests the Court to "instruct counsel and witnesses they are not to suggest that the jurors should visit the site or use words such as 'you should see the site.'" BNSF seeks to preclude any suggestion that the jury members should visit the site or obtain any

other out of court information about the accident." [Doc. 505 at 10.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that they should be allowed to elaborate about the effect the decedents' deaths had on family members. [Doc. 545 at 9.]

The Court agrees that the jury should be instructed not seek outside information regarding the case, including site visits, and that counsel and witnesses should avoid mentioning site visits. The Court will instruct the jury accordingly, and counsel shall instruct their witnesses. The Motion is therefore granted as to this item.

## 21.    School Buses, Agricultural Equipment, Vehicles with Children in Them

BNSF seeks to prevent any suggestion "that the traffic over the crossing may include school buses, agricultural equipment, or vehicles with children." [Doc. 505 at 10.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 10.]

The Court finds that speculation about the possibility that traffic over the crossing might include other types of vehicles (particularly schoolbuses, agricultural equipment, or vehicles containing children) is irrelevant and inadmissible. Claimants have submitted no authority or evidence to show that such a possibility would be anything more than speculation or that such speculation would be probative of any issue at trial. The motion is therefore granted as to Item 21.

## 22.    News articles

BNSF seeks to prevent any "suggestion with respect to any news articles, including but not limited to, New York Times articles or other articles that have no direct relevance to the case at hand and are simply meant to prejudice the jury." [Doc. 505 at 10.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 10.]

Again, the Valencia parties provide no specific evidence and no citation to authority to show that any newspaper articles are relevant and are not hearsay. Accordingly, the motion is granted as to Item 22.

**23.    Any Suggestion of Other BNSF Lawsuits**

BNSF seeks to prevent any "suggestion of other lawsuits involving BNSF or other railroads." [Doc. 505 at 11.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 10.] As a general matter, the Court finds that evidence of other lawsuits has no probative value and is substantially outweighed by the danger of confusing the jury and inviting a mini-trial on another case. Lacking any proffer of a specific lawsuit or any citation to authority from the Claimants establishing the relevance of such evidence, the Court grants the motion with respect to Item 23.

**24.    Evidence Obtained from Other Lawsuits or Other Sources**

BSNF asserts that "Counsel for Claimants evidently have filed other cases against

BSNF and other railroads and may have obtained other documents from those lawsuits, or otherwise, not produced in this case" and seeks to prevent such documents from being brought to the jury's attention. [Doc. 505 at 11.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 10.]

Again, the Claimants have failed to make a specific proffer of any evidence in this category that the seek to offer at trial, much less provide any citation to authority in support of its admission. The motion is granted as to this item.

**25.    BNSF Counsel**

BNSF seeks to preclude any "reference to BNSF's counsel's 'specializing' in handling defense of crossing cases or defense of railroads or defense of wrongful death cases." [Doc. 505 at 11.] The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 10–11.]

The Court finds that the nature of counsel's practice is irrelevant to any issues that will be presented to the jury. The motion is therefore granted as to this item.

**26.    Absent Witnesses**

BNSF asserts that "[n]o reference should be made to the jury about the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, nor should any reference be made to BNSF not calling live at trial, or by deposition, any person who is not being called." [Doc. 505 at 11]. The Valencia parties object that the request is

over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 11.]

The Court finds that argument or testimony as to what another person might say if they were to testify is inadmissible because it is speculative and calls for hearsay. Accordingly, the motion is granted in part as to such arguments or testimony.  On the other hand, it may be permissible during closing argument to comment on the fact that a particular person was not called as a witness at trial, insofar as such commentary relates to whether a party has met its burden of proof or has rebutted the opposing parties' evidence.  The motion is denied in part with respect to such closing arguments.

## 27.     Other Acts

BNSF asserts that there "should be no suggestion regarding any other alleged wrongs or acts of BNSF that do not form the basis for Claimants' claims in this lawsuit."  [Doc. 505 at 12.]   The Valencia parties object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 11.]

As previously noted, evidence concerning other incidents is likely to confuse the jury and invite a time-consuming mini-trial on the parties' contentions with respect to such incidents.  The Valencia parties fail to provide a specific proffer or citation to authority in support of making an exception to this general rule.  The motion is granted as to Item 27.

## 28.     F.R.A. Accident/Incident Reports and F.R.A. Accident Statistics

BNSF contends that it is required by statute to file a report with the Secretary of

Transportation on all accidents and incidents resulting in injury or death to an individual or damage to equipment or the railbed arising from the railroad's operations. According to BNSF, such reports are prohibited by statute from being used in a civil action for damages resulting from a matter mentioned in the report. BNSF seeks to preclude the use of any such "F.R.A. Accident/Incident Reports" and any "F.R.A. Accident Statistics." The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 11.]

BNSF has provided specific authority in support of its assertion that this line of evidence is inadmissible at trial, and the Claimants have come forward with no authority and no specific proffer to show how the reports and statistics in question might be admitted at trial. Accordingly, the motion is granted as to Item 28.

**29.    Suggestion of Prior Accidents**

BNSF seeks to preclude any "suggestion of prior accidents at this crossing." BNSF contends that in fact there is no record of any prior accidents at this crossing. [Doc. 505 at 13.] The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 11.]

Again, the Claimants' response is totally lacking with respect to a specific proffer of a prior accident or any citation to authority in support of its admissibility. The motion is granted as to this item.

16

**30.      Any Suggestion of "Near Misses" or "Other Incidents"**

BNSF seeks to preclude any "suggestion of 'near misses' or that there is a 'dangerous corridor.'"  BNSF contends that in fact there is no such evidence.  According to BNSF, even if there were such evidence, its probative value would be small compared to the prejudice to BNSF.  BNSF further contends that even if near misses were relevant, Claimants would still be required to show that the near misses were substantially similar to the accident in question.  [Doc. 505 at 13–14.]  The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 12.]

For the reasons stated with respect to the previous item, the motion is granted as to Item 30.  The Claimants again have failed to come forward with a specific proffer or citation to authority concerning this issue.

**31.      Any Assertion or Fact Foreclosed by this Court's Memorandum Opinion and Order on BNSF Railway Company's Second and Fifth Motions for Partial Summary Judgment [Doc. 503]**

BNSF seeks to preclude "any suggestion or argument about any assertion or fact that relates to an issue on which the Court has granted summary judgment in favor of BNSF." [Doc. 505 at 14.]  The Court denies the motion without prejudice as to this item because the parties' arguments duplicate those raised in another motion.  Obviously, to the extent that the Court has previously granted summary judgment as to a particular claim or issue, there is no need to present evidence or argument concerning that claim or issue at trial.

**32.**     **Any Suggestion or Reference to Allegedly Defective Equipment**

Based on this Court's ruling on BNSF's Second Motion for Partial Summary Judgment, BNSF seeks to preclude "any suggestion or reference to any assertion or fact that there was any equipment defect whatsoever." [Doc. 505 at 15.] In response, the Valencia parties take issue with BNSF's characterizing this Court's ruling as a ruling that defective equipment claims are preempted. They also object that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. [Doc. 545 at 12–13.]

As to this item, the motion is duplicative of the arguments raised in a prior motion. The Court already has ruled that no "defective equipment" claims within the scope of the Locomotive Inspection Act have been asserted, and that even if they had been, such claims would be preempted. [Doc. 503 at 9–11.] It follows that there is no need to present evidence or argument concerning that issue at trial, much less to relitigate the issue in a motion in limine. The present motion is denied as duplicative with respect to this item, and the parties must abide by the Court's prior rulings.

**33.**     **Any Fact or Issue Foreclosed By This Court's Order On any Other BNSF Motion for Partial Summary Judgment**

BNSF seeks to bar any suggestion or reference to any fact or issue relating to any matter that is foreclosed by the Court's rulings on any other of BNSF's Motions for Partial Summary Judgment [Doc. 505 at 15.] Doc. 503 at 9–11.] The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue

depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 13.]

Again, the Court's prior rulings speak for themselves, and the parties are expected to abide by those rulings at trial.  The present motion is denied as duplicative with respect to this item.

**34.      Any Suggestion or Reference to Conductor Owens Not Having Tinted Sunglasses**

BNSF seeks to "preclude any suggestion or reference to a supposed duty by BNSF to provide tinted sunglasses[.]"  [Doc. 505 at 16.]  The Valencia parties respond that the Court has ruled that a claim that "BNSF was negligent for its failure to provide Conductor Owens with tinted sunglasses does not come within the scope of the LIA, and therefore, is not preempted by the LIA."  [Doc. 545 at 12.]

The Court defers ruling on this item pending further information concerning the context in which it is presented.  Nevertheless, counsel are instructed to notify the Court and opposing counsel outside the jury's presence so the Court can make an informed ruling on this issue before any mention of "tinted sunglasses" is made to the jury.

**35.      Any Suggestion of Alleged Use of Alcohol or Drugs or the Existence of Any Other Impairment on the Part of Any BNSF Crew Member or Other Employee on August 9, 2004, or Previously, or Any Alleged Obligation by BNSF to or Failure to Test for Alcohol or Drugs Must be Excluded**

BNSF asks the Court to disallow any argument or purported evidence in support of contentions that the BNSF crew was impaired.  According to BNSF, there is no evidence to support such claims.  BNSF also asks the Court to disallow any argument or purported

evidence in support of contentions that BNSF failed to have rules and regulations that would have detected alleged impairment.  According to BNSF, such claims are preempted, and further, there is no evidence to support them.  [Doc. 505 at 16–17.]  The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time. They also claim, however, that there may be evidence presented that the BNSF train crew members were on medication on the date of the accident, and that BNSF did not test for drugs and alcohol.  [Doc. 545 at 13.]

The motion is granted in part with respect to any reference to the use or presence of alcohol or drugs by the train crew on the date of the accident, as the Claimants again have failed to come forward with a specific proffer on this point.  On the other hand, the Court defers ruling in part with respect to the train crews' use of any medication during or immediately prior to the date of the accident, as the admissibility of that line of questioning may depend on the context presented at trial.  Before raising such a question in front of the jury, however, counsel are again instructed of the need to bring the matter to the Court's attention outside the jury's presence so the Court has the opportunity to rule on its admissibility.

## 36.   Warning Devices or Conditions Present at Other Railroad Grade Crossings and Collisions at Other Crossings

BNSF anticipates that Claimants may attempt to compare and contrast the warning devices and conditions present in this crossing accident with those present in other crossing

accidents.  It seeks to prohibit such evidence on the grounds that it would be irrelevant and prejudicial.  [Doc. 505 at 17–18.]  The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 14.]

The admissibility of such "similar acts" evidence is governed by Rule 404(b) of the Federal Rules of Evidence and must be evaluated by the Court using the "*Huddleston*" factors.  Orjias v. Stevenson, 31 F.3d 995, 999–1000 (10th Cir. 1994) (citing Huddleston v. United States, 485 U.S. 681 (1988)).  As the proponent of such evidence, the Valencia parties again have failed to come forward with a specific proffer in support of its admissibility under this rule.  Accordingly, the motion is granted as to Item 36.

**37.**     **Any Suggestion Should Be Prohibited that the Crossing was Ultra-Hazardous, that Warning Devices at the Crossing were Inadequate, that the Crossing Needed Active Warning Devices, that the Crossing's Signage was Placed Incorrectly, that the Crossing Should Have Been Designed Differently, or that the Road, Track, or Crossing Conditions In Some Way Contributed to the Accident, or That BNSF is Responsible for the Approach to the Crossing**

BNSF seeks to prevent the Valencia parties from suggesting that the track or crossing conditions were faulty, on the grounds that there is no admissible evidence to support such contentions.  BNSF also argues that the Valencia parties have withdrawn some of these contentions and should be prevented from raising them at trial.  BNSF further asserts that the land on either side of the track is Pueblo of Laguna land and maintenance of the roads is not BNSF's responsibility, and thus all suggestions that BNSF is responsible for the approach should be barred.  [Doc. 505 at 18–20.]  The Valencia parties respond that the request is over

broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 14.]

Claims that the crossing was ultra-hazardous, that warning devices were inadequate, that the crossing needed active warning devices, that the crossing's signage was placed incorrectly, and that the crossing should have been designed differently have been withdrawn.  [Doc. 586 at 22.]  Apart from these withdrawals, the Claimants have failed to come forward with a specific proffer in support of the admissibility of this line of evidence. Accordingly, the motion is granted as to Item 37.

### 38.  Other Accidents/Incidents of Crew and All Questions Regarding Discipline or Lack of Discipline of the Crew

BNSF argues that there "should be no suggestion concerning the crew with regard to any prior and/or other incidents or accidents they may have been involved in or with regard to any discipline or lack of discipline in this matter or other matters" on the grounds that these subjects are not relevant."  BNSF also claims that an employer's disciplinary actions are inadmissible under Fed.R.Evid. 407 as a subsequent remedial measure and that any other incidents are not substantially similar to the one at issue.  [Doc. 505 at 20.]  The Valencia parties respond that "Conductor Owens had a prior incident of being in charge of a train that failed to blow the proper horn signal for a grade crossing" and that he was previously disciplined for that incident, but not for the incident at issue here.  They claim that BSNF's failure to discipline him "is admissible to show that BNSF ratified and authorized the actions of the crew" and "to counter the defense by BNSF that it has in place standards by which to

evaluate its crew's conduct or that it does not encourage its train crew members to violate its rules by not disciplining them when they do."   [Doc. 545 at 14–15.]

For the same reasons set forth above in connection with Item 36, the motion is granted with respect to <u>previous</u> or <u>other</u> accidents.  Such evidence is subject to analysis under Rule 404(b) and the *Huddleston* factors, and Claimants have failed to present a specific proffer in support of its admissibility under this rule.  To the extent that a witness "opens the door" to this issue and questioning therefore becomes relevant for impeachment purposes, counsel shall bring the matter to the Court's attention outside the jury's presence and seek reconsideration of this issue before pursuing such impeachment in front of the jury.

**39.   Other Occasions Where Other Trains Passed Over This Or Other Crossings and Allegedly Failed to Sound the Horn or Failed to Sound the Horn "Properly" and Evidence Regarding Other Trains Sounding of the Horn After This Accident, and Such Evidence Concerning Braking or Train Speed**

BNSF asserts that Claimants "may attempt to elicit testimony that on other occasions BNSF trains passed over this grade crossing or over other crossings, without sounding the horn or without sounding the horn 'properly,' or without braking or reducing train speed." BNSF requests the Court prohibit any such testimony on the grounds that it is irrelevant and prejudicial.  [Doc. 505 at 21.] The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time.  [Doc. 545 at 15.]

For the same reasons set forth above in connection with Item 36, the motion is granted as to other acts and Rule 404(b) evidence.  As the proponent of such evidence, it is the

Valencia parties' responsibility to come forward with a specific proffer in support of its admissibility, and they have failed to do so in a timely manner.

**40.    Suggestion that the Crew was Improperly Trained**

BNSF alleges that there is no evidence the crew was improperly trained and that any such claims are, in any event, preempted by federal law.  The Valencia parties respond that the request is over broad, vague, and lacks specificity, and further that a ruling on this issue depends on the facts developed at trial and would thus be premature at this time, and further, that this issue is before the Court on BNSF's Fourth Motion for Partial Summary Judgment. [Doc. 545 at 15.]

The Court previously has held that negligent training claims in this case are preempted.  [Doc. 586 at 25–26.]  Accordingly, the Motion is granted as to Item 40.

**41.    Any suggestion of any negligence not pled in Claimants' Complaint**

BNSF seeks to preclude suggestions or allusion to any claim or act of negligence not pled by the Claimants, or that has been dismissed by the Court.  The Valencia parties respond that the request is over broad, vague, and lacks specificity.  [Doc. 545 at 15.]

The motion is granted as to this item because the issue of which claims can be presented to the jury is already determined by the *Pretrial Order* [Doc. 660.]  The Court will not permit amendments to the pleadings at this late juncture.

**42.    Evidence not previously disclosed**

BNSF seeks to preclude "suggestion of any evidence not disclosed by Claimants to BNSF."  [Doc. 505 at 22.]  The Valencia parties respond that the request is over broad,

vague, and lacks specificity.  [Doc. 545 at 15–16.]

As a general matter, a party is not permitted to use any evidence at trial that it has failed to disclose during discovery unless the failure was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1), and in this instance the parties' disclosures are reflected in the *Pretrial Order* [Doc. 660].  The motion is therefore granted as to this item.

### 43.   Photographs or Videos Depicting the Decedents Immediately After the Accident or in a "Family Setting"

BNSF contends that certain photographs depicting the decedents has no probative value and is instead being proffered to cause the type of unfair prejudice that is precluded by Fed. R. Evid. 403.  The Court defers ruling on this issue until it hears the objections to specific trial exhibits at the Call of the Calendar.

### 44.   Imminent Fear of Death

BNSF seeks to preclude evidence as to whether the decedents experienced an imminent fear of death in the moments preceding the impact.  The Court has already ruled that damages for pain and suffering are not available in this case, and New Mexico law does not recognize a separate claim for imminent fear of death under these circumstances.  The motion is therefore granted as to this item.

### 45.   Use of Mortality Table

BNSF next moves to exclude the use of "standard mortality tables" for the purpose of arriving at a figure for the decedents' probable life expectancy.  The Court already has ruled out the use of specific dollar figures or formulas in expert testimony concerning the

issue of hedonic damages.  However, the Court defers ruling on whether a "standard mortality table" is admissible at trial.

## 46.   Undisclosed Experts

BNSF seeks a pretrial ruling to preclude expert testimony that has not been previously disclosed in a timely manner.  This issue is already covered by the Court's *Pretrial Order* [Doc. 660], and the motion is granted as to this item.

## 47.   Other Inflammatory Statements and Conduct.

BNSF asks the Court to instruct counsel that they may not use the word "kill" (or similar inflammatory terminology suggesting a crime) to describe the manner of the decedents' deaths.  The Court agrees that such terminology is improper, and counsel is instructed not to use it.  The motion is granted  as to Item 47.

## 48.   BNSF's "Corporate Culture" With Respect to Safety

The final request in BNSF's motion is that the parties' counsel and experts refrain from global criticism of BNSF as a company with a certain "corporate culture."  Again, the Claimants's response does not come forward with a specific proffer of how this type of evidence or argument might be used in a manner consistent with the Federal Rules of Evidence.  Under these circumstances, the Court agrees that the notion of a "corporate culture" is not a proper subject of expert testimony or commentary from counsel in this case. The motion is granted as to this item.

## III. CONCLUSION

For the reasons stated above and in the Court's prior rulings, the Court grants the

motion in part, denies the motion in part, and defers ruling in part.  As always, the Court's pretrial evidentiary rulings are subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.   To the extent that a party wishes to seek such reconsideration, counsel shall do so outside the presence of the jury and obtain an express ruling from the Court before any matter in controversy is mentioned to the jury.

**IT IS, THEREFORE, ORDERED** that the *Plaintiff BNSF Railway Company's Seventh Motion in Limine* [Doc. 505] is **GRANTED IN PART, DENIED IN PART**, and **DEFERRED IN PART**.

**SO ORDERED** this 16th day of February, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge