**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BNSF RAILWAY COMPANY,

      Plaintiff,                                         CIVIL NO. 06-1076 MCA/LFG

vs.

LAFARGE SOUTHWEST, INC.; STELLA
R. VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; and GREGORY
MARTINEZ and DARLENE COLEMAN,
Personal Representatives of the Estate of
Carol E. Duran,

      Defendants.

========================================

STELLA R. VALENCIA, individually, and as
Personal Representative of the Estate of Robert J.
Valencia, JOHN KELLY VALENCIA, DESIREE
RICHELLE VALENCIA, STEPHANIE ESTELLE
VALENCIA, and LILLIAN S. VALENCIA,

      Counter Claimants/Cross-Claimants/
      Third-Party Plaintiffs,

vs.

BNSF RAILWAY COMPANY, and DARLENE
COLEMAN, Personal Representative of the
Estate of Carol E. Duran,

      Counter-Defendants/Cross-Defendants,

MIKE TAFT, d/b/a Taft Construction;
and EL PASO NATURAL GAS COMPANY

      Third-Party Defendants.

========================================

LAFARGE SOUTHWEST, INC.

    Third-Party Plaintiff/Cross-Plaintiff

vs.

DARLENE COLEMAN, individually, and as Personal
Representative of the Estate of Carol E. Duran; GREG
GUTIERREZ and MATTHEW RAY DURAN, individually,

    Plaintiffs,

vs.

BNSF RAILWAY COMPANY; LAFARGE SOUTHWEST,
INC.; STELLA VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; MIKE TAFT, d/b/a Taft
Construction; and EL PASO NATURAL GAS CO.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Valencia Claimants Motion to Alter or Amend Judgment Regarding BNSF's Failure to Comply with BNSF's Own Standards Pursuant to FRCP 59(e)* [Doc. 537], and *The Duran Parties' Motion for Clarification of Court's Memorandum and Order [Doc. 503] with Respect to a Discrete Topic or, in the Alternative, Motion to Alter or Amend Under Rule 59(E) a Portion of the Memorandum and Order [Doc. 503]*, [Doc. 538] (hereinafter, "motions for clarification"), filed November 13, 2008. Having considered the parties' submissions, the

relevant law, and otherwise being fully advised in the premises, the Court grants the Duran parties' motion and denies as moot the Valencia parties' motion.

## I. BACKGROUND

This action arises from a fatal collision between an eastbound freight train operated by Plaintiff BNSF Railway Company (through its engineer, Marlin Ray, and its conductor, Brian Owens) and a commercial dump truck that was being driven by decedent Carol Duran, after Ms. Duran stopped her truck on a railroad crossing at the alleged direction of Lafarge Southwest employee and decedent, Robert Valencia. Because of the sheer volume of pleadings in this matter, the pertinent facts and allegations have been set forth in more than one prior *Order* of this Court and need not be restated here. [See Docs. 502, 503]. For purposes of the instant motions, however, it should be noted that on November 3, 2008, this Court entered a *Memorandum Opinion and Order* in which it concluded, among other things, that (1) the presence of Ms. Duran's truck on the track crossing under the unique circumstances presented here constituted a specific, individual hazard, such that claims asserting BNSF's negligence liability for the consequences of the collision between that truck and its train were not expressly preempted by the Federal Railroad Safety Act (FRSA); and (2) negligence claims based on BNSF's alleged failure to comply with its General Code of Operating Rules (GCOR) and its Air Brake and Train Handling Rules were preempted by the FRSA.

[See Doc. 503 at 11-21]. The Valencia and Duran parties now seek clarification of what they view as an inconsistency in the Court's ruling.[1]

## II. ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, depending on when the motion is filed, it is treated either as a Rule 59(e)[2] motion to alter or amend the judgment or a Rule 60(b)[3] motion for relief from the judgment. Computerized Thermal Imaging, Inc. 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because the Duran and Valencia parties filed their motions on November 13, 2008, ten days from the November 3, 2008 entry on the docket of the challenged *Memorandum Order and Opinion*, their motions are treated as having been brought pursuant to Rule 59(e). See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

---

[1] At a December 18, 2008 Pretrial Conference in the matter, counsel for the Duran parties and counsel for the Valencia parties, in response to a specific question by the Court, advised that their motions for clarification had become moot by operation of the Court's entry of another *Memorandum Opinion and Order*. [See Doc. 626 at 41]. Interestingly, in post-Pretrial Conference correspondence to the Court, counsel for the Duran parties and counsel for the Valencia parties reversed course and advised the Court that their motions for clarification were, in fact, *not* moot. The Court notes that the representations made at the Pretrial Conference were made on the record, whereas the representations made in the subsequent correspondence came by way of a letter faxed to the Court, albeit at the Court's instruction. Notwithstanding the initial representations, and for purposes of completeness of the record, the Court addresses the Duran and Valencia parties' motions for clarification. [See Docs. 537, 538].

[2] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[3] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

"A motion for reconsideration is an extreme remedy to be granted in rare circumstances."  Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995).  The decision to grant reconsideration is committed to the sound discretion of the district court, which, in exercising that discretion, considers whether there has been (1) an intervening change in the law, (2) new evidence, or (3) the need to correct clear error or to prevent manifest injustice.  Id.  Thus, a motion for reconsideration may be appropriate where the district court has misapprehended the facts, a party's position, or the controlling law. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

In this case, the parties seek clarification to correct the clear error that they believe results from the Court's apparently conflicting rulings that, while the FRSA does not preempt claims that BNSF responded negligently to the specific, individualized hazard of Ms. Duran's truck on the tracks, the FRSA *does* preempt claims that BNSF acted in violation of the GCOR and its Air and Train Brake Handling Rules.  According to the Duran parties,  "BNSF did not seek a ruling that[,] to the extent the Duran Parties' negligence claim is based upon BNSF's alleged failure to comply with the GCOR and its Air Brake and Train Handling Rules, such claims are preempted by the FRSA." [Doc. 538 at 2].

In response to BNSF's Motion for . . . ., a response in which the Valencia parties joined, the Duran parties expressly argued that "BNSF has adopted the [GCOR] as the codification of the *standard of conduct* their employees are expected to meet[, and t]he

5

new § 20106(b)(1)(B)[4] *allows common law claims based on the allegation that a railroad has failed to follow its own operating rules. . . .*" [Doc. 413 at 19 (emphasis added)]. The Duran parties further "allege[d] that the BNSF crew violated the following BNSF Rules and Regulations: GCOR 1.1.1, GCOR 1.1.2, and BNSF's Train Handling Rule 103.8.2[, and that t]hese *claims* are not preempted. . . ." ." [Id. at 20]. The repeated (and perhaps inartful) use of the word "claims"[5] caused the Court to understood the Duran parties to be asserting discrete negligence causes of action based upon BNSF's alleged failure to comply with its internal operating rules, and the alleged failure of Marlin Ray and Brian Owens to comply with the applicable standard of conduct, claims this Court believes would be preempted. This apparently was a misconstruction of the Duran parties' position. Accordingly, to the extent that the Valencia parties[6] merely seek

---

[4] "New" § 20106 is a clarification amendment providing, in pertinent part, that

> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property alleging that a party—
>
> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by [the Secretary of Transportation. . . .

49 U.S.C. § 20106 (b)(1)(B) (amended August 3, 2007).

[5] Use of the word "claims" continues in their clarification motion, where the Duran parties, after contending that "departure from [the GCOR and Air Brake and Train Handling Rules] will amount to evidence of negligence[,]" then assert that "[s]uch *claims* of negligent operation of a train are not preempted by the FRSA." [Doc. 538 at 7 (emphasis added)].

[6] Since filing their motion for reconsideration, the Duran parties have settled with BNSF.

6

to present evidence at trial that, in responding to the specific, individualized hazard of Ms. Duran's truck on the tracks BNSF acted in violation of the GCOR and its Air Brake and Train Handling Rules, nothing in the Court's *Memorandum Opinion and Order* of November 3, 2008 should be read to suggest the exclusion of such evidence (assuming no other limitations or restrictions, evidentiary or otherwise, are found to apply).

The Court believes that this clarification accords with the rule of CSX Transp., Inc. v. Easterwood, 507 U.S. 658 (1993), in which the United States Supreme Court held that claims of excessive speed are preempted, but expressly declined to address the question of the FRSA's pre-emptive effect on related tort-law claims such as a failure "to slow or stop a train to avoid a specific, individual hazard." Easterwood, 507 U.S. at 675 n.15.

### III. CONCLUSION

For the reasons set forth above, this Court's prior *Memorandum Opinion and Order* of November 3, 2008 is hereby clarified as follows: assuming no other limitations or restrictions, evidentiary or otherwise, are found to apply, the Valencia parties are not precluded from introducing at trial evidence that BNSF violated the GCOR and its Air Brake and Train Handling Rules as some proof that BNSF acted negligently in responding to the specific, individualized hazard of Ms. Duran's truck on the railroad tracks.

**IT IS, THEREFORE, ORDERED** that *The Duran Parties' Motion for Clarification of Court's Memorandum and Order [Doc. 503] with Respect to a Discrete*

*Topic or, in the Alternative, Motion to Alter or Amend Under Rule 59(E) a Portion of the Memorandum and Order [Doc. 503]*, [Doc. 538] is **GRANTED;**

**IT IS FURTHER ORDERED** that this Court's prior *Memorandum Opinion and Order* of November 3, 2008 is hereby clarified as follows:

> assuming no other limitations or restrictions, evidentiary or otherwise, are found to apply, the Duran and Valencia parties are not precluded from introducing at trial evidence that BNSF violated the GCOR and its Air Brake and Train Handling Rules as some proof that BNSF acted negligently in responding to the specific, individualized hazard of Ms. Duran's truck on the railroad tracks;

**IT IS FURTHER ORDERED** that the *Valencia Claimants Motion to Alter or Amend Judgment Regarding BNSF's Failure to Comply with BNSF's Own Standards Pursuant to FRCP 59(e)* [Doc. 537] is **DENIED as MOOT**.

**SO ORDERED** this 19th day of February, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge