# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BNSF RAILWAY COMPANY,

       Plaintiff,                              CIVIL NO. 06-1076 MCA/LFG

vs.

LAFARGE SOUTHWEST, INC.; STELLA
R. VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; and GREGORY
MARTINEZ and DARLENE COLEMAN,
Personal Representatives of the Estate of
Carol E. Duran,

       Defendants.
========================================

STELLA R. VALENCIA, individually, and as
Personal Representative of the Estate of Robert J.
Valencia, JOHN KELLY VALENCIA, DESIREE
RICHELLE VALENCIA, STEPHANIE ESTELLE
VALENCIA, and LILLIAN S. VALENCIA,

           Counter Claimants/Cross-Claimants/
           Third-Party Plaintiffs,

vs.

BNSF RAILWAY COMPANY, and DARLENE
COLEMAN, Personal Representative of the
Estate of Carol E. Duran,

           Counter-Defendants/Cross-Defendants,

MIKE TAFT, d/b/a Taft Construction;
and EL PASO NATURAL GAS COMPANY

       Third-Party Defendants.
========================================

LAFARGE SOUTHWEST, INC.

       Third-Party Plaintiff/Cross-Plaintiff

vs.

DARLENE COLEMAN, individually, and as Personal
Representative of the Estate of Carol E. Duran; GREG
GUTIERREZ and MATTHEW RAY DURAN, individually,

       Plaintiffs,

vs.

BNSF RAILWAY COMPANY; LAFARGE SOUTHWEST,
INC.; STELLA VALENCIA, Personal Representative of the
Estate of Robert J. Valencia; MIKE TAFT, d/b/a Taft
Construction; and EL PASO NATURAL GAS CO.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *The Duran Parties' Motion to Alter/Amend the Memorandum and Order [Doc. 593]* [Doc. 605], filed December 22, 2008, and the *Valencia Claimants Motion to Alter or Amend Judgment Regarding EPNG's Motion for Summary Judgment on Negligence [Doc. 593]* [Doc. 606], also filed December 22, 2008. El Paso Natural Gas Company (EPNG) filed a response on January 8, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motions.

## I. BACKGROUND

This action arises from a fatal collision between an eastbound freight train operated by Plaintiff  BNSF Railway Company and a commercial dump truck that was being driven by decedent Carol Duran.   On November 1, 2006, Ms. Duran, a contractor for Defendant/Third-Party Plaintiff Lafarge Southwest, Inc., was delivering gravel to a construction site near the railroad tracks when, at the apparent direction of her supervisor, Lafarge employee and decedent Robert Valencia, she stopped her truck on a crossing on the tracks in order to speak with him.  Both Ms. Duran and Mr. Valencia were killed as a result of the train colliding with Ms. Duran's fully loaded truck.

The construction site to which Ms. Duran was making her delivery was owned by EPNG.  EPNG had contracted with Taft Construction (Taft) to, among other things, install a Capstone cathodic protection station along one of EPNG's pipelines to prevent corrosion. To access the area where the station was being constructed, vehicles and people were required to cross the railroad tracks in question.

On August 7, 2008, EPNG moved for summary judgment with respect to the Duran and Valencia parties' negligence claims, arguing, among other things, that EPNG owed Carol Duran and Robert Valencia no duty of care because (1) it was not foreseeable that Ms. Duran would have voluntarily stopped her truck on the train tracks, and (2) there was no policy reason supporting the imposition of a duty.  [Doc. 373 at 4].

By *Memorandum Opinion and Order* entered December 12, 2008, the Court granted EPNG's motion for summary judgment, having concluded that EPNG owed no duty of care

3

to either Ms. Duran or Mr. Valencia. The Court expressly determined that (1) the injuries sustained were not reasonably foreseeable; (2) public policy did not support the imposition of a duty under the circumstances of this case; and (3) EPNG did not assume a duty to repair the road or the area leading to the crossing at which Ms. Duran and Mr. Valencia were struck. [See Doc. 593 at 11-22]. The Duran and Valencia parties now ask the Court to alter or amend the December 12, 2008 summary-judgment ruling. [See Docs. 605, 606].[1]

## II. ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, depending on when the motion is filed, it is treated either as a Rule 59(e)[2] motion to alter or amend the judgment or a Rule 60(b)[3] motion for relief from the judgment. Computerized Thermal Imaging, Inc. 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because Duran and Valencia parties filed their motions on December 22, 2008, ten days from the December 12, 2008 entry on the docket of the challenged *Memorandum Order and Opinion*, their motions are treated as having been brought pursuant

---

[1] The Duran parties have since settled with BNSF and are no longer parties to this case. Prior to the settlement, however, the Valencia parties had filed a notice of joinder, stating that they "join[ed] in and adopt[ed] by reference" the Duran parties' motion to alter or amend [Doc. 605]. [See Doc. 609]. Because of the joinder, the Court addresses the Duran parties' motion, which otherwise would have been denied as moot.

[2] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[3] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

to Rule 59(e).  See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

"A motion for reconsideration is an extreme remedy to be granted in rare circumstances."  Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995).  The decision to grant reconsideration is committed to the sound discretion of the district court, which, in exercising that discretion, considers whether there (1) has been an intervening change in the law, (2) exists new evidence, or (3) is the need to correct clear error or to prevent manifest injustice.  Id.  Thus, a motion for reconsideration may be appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

On the other hand,

> [a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. . . . [A] motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

Van Haste v. Coram Healthcare Corp., 2008 WL 2943370, at *1 (D.N.J. July 29, 2008) (quoting In re NJ Affordable Homes Corp., 2006 Bankr. LEXIS 1667, *9-*11 (Bankr.D.N.J. July 19, 2006)).

In this case, neither the Duran nor the Valencia parties have satisfied their burden to show that reconsideration is warranted.  Instead, they either (1) reargue points and authorities that have already been raised and considered by the Court, or (2) assert new theories (*e.g.*, their easement theories) that could have been asserted earlier.  [See Doc. 605 at 8; Doc. 606 at 20-21].  However, a motion to alter or amend is an "inappropriate vehicle[ by which] to reargue an issue previously addressed by the court . . . or advance arguments that could have been raised in prior briefing."  Servants of Paraclete, 204 F.3d at 1012.  For this reason, the Court will deny the Duran and Valencia parties' motions to alter or amend the Court's summary-judgment ruling that EPNG owed Ms. Duran and Mr. Valencia no duty of care.

## III. CONCLUSION

Because neither the Duran nor the Valencia parties have demonstrated that there (1) has been an intervening change in the law, (2) exists new evidence, or (3) is the need to correct clear error or to prevent manifest injustice, their motions to alter or amend will be denied.  See Brumark Corp., 57 F.3d at 944; cf. Van Haste, 2008 WL 2943370, at *1.

**IT IS, THEREFORE, ORDERED** that *The Duran Parties' Motion to Alter/Amend the Memorandum and Order [Doc. 593]* [Doc. 605] is **DENIED**;

**IT IS FURTHER ORDERED** that the *Valencia Claimants Motion to Alter or Amend Judgment Regarding EPNG's Motion for Summary Judgment on Negligence [Doc. 593]* [Doc. 606] **DENIED**;

**SO ORDERED** this 19th day of February, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge